# *Ex parte* Dean & Jones.

## *Mandamus.*

### (Decided Dec. 19, 1907. , 45 So. Rep. 152.)

1. *Judgment; Notwithstanding Verdict; Time for Motion.*—A motion for a judgment notwithstanding the verdict comes too late after the entry of judgment on the verdict.

2. *Mandamus; Execution on Judgment; Restraining Collection.*—Mandamus will not lie to compel the court to vacate an order re-

straining the collection of an execution on a judgment notwithstanding the verdict entered on a motion made after the entry of the judgment on the verdict, since such judgment is invalid and the execution issued thereon partakes of its invalidity.

Original petition in the Supreme Court.

Petition by J. L. Dean and another for mandamus to the circuit court of Coosa county and another. Denied.

Petition by J. L. Dean and J. A. Jones for a mandamus addressed to Hon. S. L. Brewer, judge of the Fifth judicial district, requiring him to show cause why a peremptory writ of mandamus should not issue against him to show cause why he should not vacate and set aside a restraining order entered by him on the 24th day of February, 1906, and requiring him to show cause why a judgment rendered by the circuit court of Coosa county should not be set aside and held for naught, and praying that a peremptory writ be issued directing and commanding him to do these several things. The case made by the petition is that one Saxon was indebted to petitioners in the sum of $54.95, together with attorney's fees, all of which was evidenced by a promissory note; that on May 25, 1904, petitioners began their suit in the circuit court of Coosa county against Saxon to recover such sum; that Saxon filed three pleas, copies of which are attached to this petition; that petitioners entered a motion to strike from the file plea 2 and demurred to pleas 1, 2, 3, and 4; that the court overruled the motion to strike plea 2, and overruled plaintiff's demurrers to all the pleas; that trial was had on the issue so made, and the court gave the defendant the affirmative charge, and refused a like charge to plaintiff; that a verdict was returned for defendant, and judgment entered thereon; that during the term of court at which the judgment was rendered petitioners, on the 25th day of October, 1905, spread a motion on the motion docket of said court to set aside the judgment against petitioner, and for a judg-

ment against defendant notwithstanding the verdict, in favor of petitioners for the amount due him from said Saxon; that during said term of the court, on the 26th of October, 1905, the court rendered judgment on said motion granting the same; that on the 24th day of February, 1906, Saxon presented to Hon. S. L. Brewer in vacation his petition for a rehearing of said cause, and on the same day the said judge entered the following order on said petition: "The matters contained in the within petition having been duly considered, it is ordered that supersedeas issue in the restraint of the collection of the execution named in said petition, when the petitioner has given bond in double the amount of said execution." Said petition, with indorsements thereon, was filed in the office of the clerk of the circuit court of Coosa county on the 28th day of February, 1906, and on the 5th day of March, 1906, bond was made and the clerk issued to the sheriff the restraining order provided for. Petitioners are not advised as to the time when said petition was filed with said judge and as to what place the said judge was at when the petition was presented to him; but petitioners allege that neither Saxon nor any one for him gave petitioners or their attorneys 10 days' notice of the judge before whom and the time and place when and where this application would be made for said supersedeas, nor served or caused to be served upon petitioners or their attorneys a copy of said petition 10 days before the same was filed. At the spring term of the said court of Coosa county petitioners filed in said court a motion to quash said petition and supersedeas and to dissolve the restraining order, which motion was overruled. Petitioners then filed demurrers to the petition for said restraining order, which demurrers were overruled; and after hearing the evidence without the intervention of a jury the court rendered a judgment granting said restraining order and supersedeas.

D. H. RIDDLE, for petitioner. Petition for mandamus
is the proper course to pursue in this cause.—*Ex parte
North,* 49 Ala. 385; *O'Neal v. Kelly,* 72 Ala. 559; *Bras-
sel v. New South Coal Co.,* 131 Ala. 416. Under the facts
in this case, neither the defendant nor their counsel are
at fault.—*Shields v. Burns,* 31 Ala. 537; *Ex parte North,
supra; Ex parte Walker,* 54 Ala. 579. The right, under
section 3343, is confined to the defendants who have been
prevented from making their defense by surprise, acci-
dent, mistake or fraud, and without fault on their part.
—*White v. Ryan,* 31 Ala. 402; *Pratt v. Kiels,* 28 Ala.
390. And this right must be asserted in the mode pre-
scribed.—*Samuels v. Ainslee,* 13 Ala. 366; *Bettis v. Tay-
lor,* 8 Port. 564. His neglect cannot create for him a
title to relief.—*Cullom v. Casey,* 1 Ala. 351; *Pharr v.
Reynolds,* 3 Ala. 521; *Stein v. Burden,* 30 Ala. 275.

FELIX L. SMITH, and RAY RUSHTON, for appellee. Pe-
titioner is not here entitled to mandamus to compel the
court to take either one of the actions desired by him.—
*Carrol v. Vaughan,* 48 Ala. 552; *Fuller v. Boggs,* 49 Ala.
128; *Ex parte North,* 49 Ala. 389; *Bruce v. Williamson,*
50 Ala. 315; *Ex parte Walker,* 54 Ala. 579; *Heflin v.
Rock Mills,* 58 Ala. 615; *Chastain v. Armstrong,* 85 Ala.
217; *Seamour v. Farquhar,* 95 Ala. 527; *Ex parte Far-
quhar,* 99 Ala. 378.

McCLELLAN, J.—The writ of mandamus sought in
this proceeding must be denied, for the reason that the
motion for the judgment non obstante veredicto was filed
after the entry of the judgment in favor of the defend-
ant, as affirmatively shown by the petition and the ex-
hibits thereto. The motion for judgment notwithstand-
ing the verdict must precede the entry of judgment on
the verdict.—Freeman on Judg. § 7; 11 Ency. Pl. & Pr.

[Nolen v. Farrow.]

p. 920; *Scheible v. Hart* (Ky.) 12 S. W. 628; *State v. Bank*, 6 Smedes & M. (Miss.) 218, 45 Am. Dec. 280. It follows that the court was without right to render judgment non obstante veredicto on the belated motion therefor, and that the order for supersedeas and granting a rehearing on the plaintiffs' motion for judgment notwithstanding the verdict was ill-advised, since the defendant, Saxon, had then a valid judgment on verdict in his favor, and the execution issued on the invalid judgment notwithstanding the verdict for the plaintiff was likewise invalid.

The writ prayed for is therefore denied.

TYSON, C. J., and HARALSON, SIMPSON, ANDERSON, and DENSON, JJ., concur.